### MARY McMASTER v. GEORGE D. KELLER ET AL.

APPELLATE JURISDICTION NOT PROVIDED TO CIRCUIT COURT.

Suit was brought in the court of common pleas June 18, 1881, to contest the validity of a will; a judgment was rendered December 23, 1885, and an appeal taken to the circuit court. On motion to dismiss the appeal, *held*, that the circuit court is without jurisdiction.

APPEAL from the Court of Common Pleas of Montgomery county.

On the 18th day of June, 1881, the plaintiff brought suit in the court of common pleas to contest the validity of the last will and testament of James Riddle, deceased. The cause was continued from term to term until the October term, 1885, when it was tried to a jury, and on the 23d day of December a verdict was rendered affirming the validity of the will. At the same term the plaintiff's motion for a new trial was overruled, and a judgment was rendered in accordance with the verdict. The plaintiff thereupon appealed to this court. •

The defendants now move to dismiss the appeal, upon the ground that this court has no jurisdiction thereof.

SHAUCK, J.

The jurisdiction which this motion calls in question depends upon the effect that is to be given to section six of article four of the constitution, as amended in 1883, section 454*e* of the "act to provide for the organization of circuit courts, and adapt existing legislation thereto," passed April 4, 1884, and section five thousand eight hundred and sixty-five (5865) of the Revised Statutes prior and subsequent to its repeal and reenactment February 7, 1885. Consideration is also due to section seventy-nine of the Revised Statutes, which, it is claimed, operates to prevent the application of the amendment of February 7, 1885, to causes that were then pending in the court of common pleas.

By section six of article four of the constitution it is provided, that " the circuit courts shall be the successors of the district courts," and council for the appellant argue that as a result of this succession the circuit court became vested with all the jurisdiction which, at the time of the amendment, was vested in the district court. The general grant of jurisdiction is found in the first clause of the section. It provides that " the circuit court shall have like original jurisdiction with the Supreme Court, and such appellate jurisdiction as may be provided by law." The circuit court is alone in contemplation here, and the phrase " as may be provided by law " is prospective in its operation. The circuit court was not then in existence, and no jurisdiction had therefore been conferred upon it

by law.   Without violence to the language employed, this clause cannot be construed as granting to the circuit court the appellate jurisdiction which had theretofore been conferred by law upon the district court.   The consequences which are to result from the provision that the circuit courts shall be the successors of the district courts, are defined in the same clause.   They are, that " all cases, judgments, records and proceedings pending in said district courts, in the several counties of any district, shall be transferred to the circuit courts in the several counties, and be proceeded in as though said district courts had not been abolished."

We do not question the soundness of the doctrine urged by counsel that all such legislative enactments survive an amendment to the constitution as are consistent with the constitutional provisions as amended; but it affords no aid in the solution of this question, since at the time of this amendment there was no legislative enactment which conferred appellate jurisdiction upon the circuit court.

In support of the appeal it is further insisted, that jurisdiction to entertain it was conferred upon this court by section 454e of the act "to provide for the organization of circuit courts, and adapt existing legislation thereto," passed April 14, 1884.   Admitting, for our present purposes, that this section, while in force, had the effect claimed for it by council; it was repealed by the act of February 7, 1885, which took effect upon its passage, while the circuit court, by the terms of the amended section of the constitution, did not come into existence until the qualification of the judges two days later.   The act of February 7, also repealed section five thousand eight hundred and sixty-five of the Revised Statutes, which authorized appeals to the district court in cases of this character. The repeals thus made left in force no statute conferring the right to appeal to any court from the judgment of the court of common pleas.   When the circuit court came into existence on the 9th day of February, the only statutory provision relating to this subject expressly denied the right which is here asserted. Section five thousand eight hundred and sixty-five of the Revised Statutes, as reenacted February 7, 1885, provides that "no appeal can be taken from the judgment of the common pleas court to the circuit court in cases to contest a will."   The appellate jurisdiction for which the plaintiff contends, has never been provided by law.   It has been expressly inhibited.   As to cases of this character that were pending in the court of common pleas February 7, 1885, section seventy-nine could have no further effect than to save the right to appeal to the district court, which continued in existence for two days thereafter.

Motion sustained.

Gunckel & Rowe, and D. A. Haynes, for the motion.

Young & Young, contra.